Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2957 | **DATE** | 10/10/2000 |
| **CASE TITLE** | MARTY NEVEL, et al vs. VILLAGE OF SCHAUMBURG, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies plaintiffs' motion for summary judgment on Count I.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 13 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | E0-7 FILED FOR DOCKETING 00 OCT 13 AM 8:50 | docketing deputy initials | 39 |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARTY NEVEL and LAURA NEVEL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 00 C 2957 |
| ) | |
| VILLAGE OF SCHAUMBURG, et al., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
OCT 13 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Marty Nevel and Laura Nevel have moved for summary judgment on Count 1 of their complaint. For the reasons stated below, the Court denies their motion.

The case can be summarized as follows. The Nevels purchased a home in the Village of Schaumburg from Gerald Kretzschmar in June 1999. The home had been designated as a historic landmark by the Village in December 1997, but the Nevels say they were not aware of this when they bought the home. The wood siding on the home was in poor condition; according to the Nevels, it could not be repaired due to the severity of the deterioration and lead-paint hazards, but instead had to be replaced. They claim that they consulted with the Village's Senior Planner, who recommended that they replace the wood siding with vinyl siding. In reliance on this, the Nevels say, they hired a contractor, who obtained a building permit on September 17, 1999 to do the necessary work. Then, in early October, the Nevels were advised by the Village that the property was designated a historic landmark and that the Olde Schaumburg Centre Commission had to approve any rehabilitation work. Because they had a building permit, the

39

Nevels allowed work to begin, but they also petitioned the Commission for permission to use the vinyl siding and to revoke the landmark designation. The Commission denied these requests. The Nevels say that this was "an act of hostile retaliation" orchestrated by the Village's director of building code enforcement, who was "motivated by personal animosity against them for having begun installation of vinyl siding ... before first obtaining formal permission to do so." Cplt. ¶18. Despite the Commission's action, the Nevels had their contractor resume work, purportedly in reliance on the previously-issued building permit. The Village posted a stop-work order, suspended the contractor's business license, and issued quasi-criminal citations to the Nevels and the contractor. A Cook County Circuit Court judge found the Nevels and the contractor not guilty in February 2000. The day after the judge's decision, the Village issued a letter revoking the building permit issued in September 1999. This too, the Nevels say, was done vindictively and out of spite.

The Nevels have brought a three count complaint. Count 3, which provides the only basis for this Court's jurisdiction, is a claim under 42 U.S.C. §1983 against the Village and several of its officials, claiming that their actions denied the Nevels equal protection of the law. The Nevels claim in their complaint that the Village had previously permitted aluminum siding to be installed in place of wood siding on another historic landmark. Based on this allegation, under *Village of Willowbrook v. Olech*, 528 U.S. 1073, 120 S. Ct. 1073, 1074 (2000), the Court previously denied defendants' oral motion to dismiss the complaint for lack of subject matter jurisdiction.

In Count 1, the Nevels claim that the 1997 Village ordinance that designated the property as a historic landmark was invalid because it was adopted without proper notice to Kretzschmar,

2

who then owned the property. They seek a declaratory judgment that the ordinance cannot be enforced. In Count 2, the Nevels allege that the Village's revocation of their building permit was illegal as a matter of state law.

The Nevels have moved for summary judgment on Count 1. The following facts appear to be undisputed (except where otherwise noted). The ordinance designating the property as a historic landmark was enacted on December 9, 1997. A Village ordinance sets forth the procedure for designating a property as an historic landmark:

> (A) Procedures for Designation
>
> ...
>
> (2) The commission shall notify the owner of such property of the proposed designation. The commission shall schedule a public hearing on the question of the proposed designation, setting forth a date, time and place and causing written notice to be given to the owner or any other person having a legal or equitable interest in said property being proposed for designation.

Schaumburg Village Ord. 31.136(A)(2). It is undisputed that Kretzschmar was the owner of the property as of and prior to December 1997, and though it is genuinely disputed whether the Village was aware of this, the terms of the ordinance do not appear to turn on the state of the Village's knowledge. In any event, it is undisputed that when the Village set for public hearing its proposal to designate the property as a landmark, it did not personally notify Kretzschmar. A notice was published in the Schaumburg Herald, but Kretzschmar says he did not learn anything about the proposed designation until after it had been accomplished. The Village passed the designation ordinance on December 9, 1997. There is no indication that Kretzschmar took any steps to overturn or seek reconsideration of the Village's actions.

The Nevels bought the property at an auction on June 30, 1999. There is no evidence that

3

they had actual knowledge that the property had been designated as an historic landmark; however, it is undisputed[1] that the designation had been recorded with the Cook County Recorder of Deeds in April 1998, though the Nevels say their title insurance company did not discover the designation.

In the papers supporting their summary judgment motion, the Nevels contend that the failure to personally notify Kretzschmar of the proposed landmark designation violated the Fourteenth Amendment's due process clause. Even assuming we could construe Count 1 to include a due process claim, the Nevels lack standing to raise this claim. The Nevels were not on the scene back on December 1997; if someone's due process rights were violated, it was Kretzschmar, who is not a plaintiff in this action. The Nevels cannot base a claim on a denial of someone else's rights. *See, e.g., Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474 (1982). They have not shown that any exception to this principle, which is a self-imposed prudential limitation on the judicial power, applies in this case.

At oral argument on October 6, 2000, the Nevels argued that they are actually asserting their own interests because the due process violation invalidated the designation ordinance, which is now being applied against them. But this does not alter the fact that it was Kretzschmar's due process rights that were arguably violated, not those of the Nevels. The Nevels themselves suffered no due process violation; they got as good a notice from the Village as any purchaser of landmark property could expect to get: the Village recorded the landmark

---

[1] The Nevels' attorney so stated at oral argument on October 6, 2000.

4

designation with the Recorder of Deeds. Even if they may claim an injury as a lingering effect of the alleged violation of Kretzschmar's rights, it remains the case that it was his rights, not theirs, that the Village arguably violated.

The Nevels' primary argument is that the designation ordinance is invalid as a matter of Illinois law. Unlike their due process argument, it is unquestioned that the Nevels have standing to make this claim; the Village has applied the ordinance to them in revoking their building permit and taking the other alleged actions described earlier.

The Nevels attack the designation ordinance on two separate grounds. First, they say that it was adopted in violation of the Illinois statute governing such matters. That statute, 65 ILCS 5/11-48.2-4, provides that a municipality may not designate property as a landmark "except after due notice to [the] owner and opportunity for him to be heard at a public hearing." The Nevels say that the Village's failure to provide Kretzschmar with personal notice violated the statutory requirement of "due notice"; they contend that notice by publication in the newspaper does not suffice. Even if this is so, it does not help the Nevels. Under *City of Evanston v. Create, Inc.*, 85 Ill. 2d 101, 421 N.E.2d 196 (1981), a statute like section 11-48.2-4 which predated the adoption of home rule in Illinois' Constitution of 1970 is superseded by a later ordinance enacted by a "home rule unit" like the Village of Schaumburg. *Id.* at 108-09, 421 N.E.2d at 199; *see also Kotte v. Normal Board of Fire and Police Commissioners*, 269 Ill. App. 3d 517, 521, 646 N.E.2d 292, 294 (1995). And even though section 11-48.2-4 was amended after 1970, that amendment did nothing more than to change a cross-reference in the statute and thus has no bearing on this case. *See* Ill. Pub. Act 82-783, Art. XI, §54, *reprinted in* Laws of Illinois, 82nd Gen. Assembly, 1982 Session, Vol. 1 at 900-01. In any event, "for subsequent legislation to affect the power of a

home-rule unit, the legislation must 'contain an express statement to that effect.'" *Kotte*, 269 Ill. App. 3d at 521, 646 N.E.2d at 294-95 (quoting *City of Evanston v. Create, Inc.*, 85 Ill. 2d at 108, 421 N.E.2d at 199), and here there was no such statement. In short, section 11-48.2-4 does not provide a basis for invalidating the landmark designation.

Second, the Nevels challenge the designation ordinance because it was adopted in violation of the procedures set forth in the Village's own ordinances, which require personal notice to the landowner prior to the hearing at which the designation is to be considered. This challenge fails as well. As a home rule unit, the Village has the authority to "exercise any power and perform any function pertaining to its government and affairs, including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare ...." Ill. Const., art. VII, §6(a). Home rule units "have all the powers of the sovereign, limited only by the constitution itself and the General Assembly." *City of Elgin v. County of Cook*, 169 Ill. 2d 53, 63, 660 N.E.2d 875, 881 (1996). As a matter of Illinois law, a court "'cannot handle matters which in effect are attempts to overrule decisions of a legislative body based upon alleged failure to follow requirements imposed by that body on itself. ... We have authority to invalidate legislation ... only upon grounds that the enactment violates a provision of the Federal or State constitutions or violates the mandate of a State or Federal statute.'" *Id.* (quoting *Landmarks Preservation Council of Illinois v. City of Chicago*, 125 Ill. 2d 164, 179, 531 N.E.2d 9, 15 (1988)).

One exception to this, noted in *City of Elgin* itself, concerns the failure of a home rule unit to comply with a "mandatory" ordinance. *Id.*, citing *In re Application of County Collector of Kane County*, 132 Ill. 2d 64, 74-75, 547 N.E.2d 107, 112 (1989). And it is upon *County*

*Collector* that the Nevels rely. In that case, the Illinois Supreme Court considered a challenge by taxpayers to a city's extension of a tax levy against their property. They argued that the ordinance that extended the levy was invalid because the city had failed to publish an appropriation ordinance (a prerequisite to making a tax levy) with the time periods required by the city's general ordinance governing the publication of enacted ordinances. That provision stated that "[n]o such ordinance shall take effect until ten (10) days after it is ... published." *Id.* at 71, 547 N.E.2d at 110. The court held that a municipality's "[f]ailure to comply with a mandatory provision of an ordinance will render void the proceeding to which it relates ...," *id.* at 75, 547 N.E.2d at 112, and it therefore invalidated the tax levy.

Presaging *City of Elgin,* however, the court in *County Collector* made it clear that this rule was limited to "mandatory" ordinances; it said that a municipality's noncompliance with a merely "directory" provision of one of its ordinances does not invalidate the resulting action. *Id.* The court defined the difference between "directory" and "mandatory" provisions as follows: "[i]f a statutory 'provision merely directs a manner of conduct for the guidance of officials or specifies the time for the performance of an official duty, it is directory, absent negative language denying the performance after the specified time.'" *Id.* (quoting *Andrews v. Foxworthy,* 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335 (1978)). In *County Collector,* the ordinance "expressly state[d] the effect of noncompliance" – namely that the ordinance would not take effect – and thus it was a "mandatory" provision.

The Village of Schaumburg ordinance that the Nevels say the Village violated in designating Kretzschmar's property as an historic landmark requires the Village to notify the owner of the proposed designation, and it requires notice of the date, time, and place of the

7

public hearing to both the owner of the subject property and the owners of any surrounding properties. Schaumburg Village Ord. §31.136(A)(1) & (2) (attached to Cplt. as Ex. E). Unlike in *County Collector*, however, the ordinance does not state the effect of noncompliance. In short, the ordinance is directive, not mandatory. Failure to give proper notice might well raise due process concerns under either the Illinois or United States constitutions, but under *County Collector* and *City of Elgin*, it does not invalidate the ordinance as a matter of state law.

The juxtaposition of our rulings on the Nevels' state law challenges to the landmark designation might seem unfair at first blush. We have said that the Nevels cannot challenge the designation as contrary to state statute because the Village is a home rule unit, but that they cannot challenge it as contrary to the Village's own laws either. Does this leave no remedy for a property owner aggrieved by a landmark designation made without proper notice? The answer is no. As the Illinois Supreme Court indicated in *City of Elgin*, local ordinances passed by home rule units remain subject to challenge for violation of due process, as well as other state and federal constitutional requirements. If Kretzschmar had gone into court to challenge the landmark designation, he would have been able to attack the Village's actions on the grounds that they violated his due process rights. The Nevels are not in a position to make such an attack, but that is because their due process rights were not violated by adoption of the ordinance (if the Village had failed to record the designation with the Recorder of Deeds, the Nevels might well have been able to mount a viable challenge). A statutory scheme that effectively limits challenges to landmark designations to those made by the person who owns the property at the time the designation is made might well be thought unfair by later purchasers, but they can protect themselves against unfair surprise by making inquiry of the owner, carefully examining

8

encumbrances of record, and/or obtaining title insurance.

In summary, we reject plaintiffs' contention that the ordinance designating the Kretzschmar property as a historic landmark is rendered invalid by the Village's alleged failure to properly notify Kretzschmar of the proposed designation.

All of this suggests that it may be appropriate to enter summary judgment against the Nevels on Count 1. The Seventh Circuit has made it clear, however, that a district court should be hesitant to enter summary judgment against a party against whom summary judgment has not been sought without first advising the party that this might happen. *See Acequia, Inc. v. Prudential Insurance Company of America*, No. 99-4051, 2000 WL 1234613, at *8 (7th Cir. Sept. 1, 2000); *Goldstein v. Fidelity and Guaranty Insurance Underwriters, Inc.*, 86 F.3d 749, 750-51 (7th Cir. 1996). For these reasons, though the Court denies plaintiffs' motion for summary judgment on Count 1, we advise plaintiffs that we are considering entry of summary judgment against them and invite them to advise the Court, within a time to be set, of any reasons why that may not be appropriate.

## Conclusion

For the reasons stated above, the Court denies plaintiffs' motion for summary judgment on Count 1.

MATTHEW F. KENNELLY
United States District Judge

Date: October 10, 2000